**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| Mark Anthony Middleton and Angela Jean Middleton, | ) ) ) | Civil Action File No.: |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Bass & Associates, a Professional Corporation, | ) ) ) | **COMPLAINT WITH JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq*.

## PARTIES

1.     Plaintiff, Mark Anthony Middleton, is a natural person who resides in Floyd County, Georgia.

2.    Plaintiff, Angela Jean Middleton, is a natural person who resides in Floyd County, Georgia.

3.    Plaintiffs are allegedly obligated to pay a consumer debt and are therefore "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant, Bass & Associates, a Professional Corporation, is a corporation formed under the laws of the State of Arizona. Defendant may be served with process via its registered agent, C T Corporation System, at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012-1995.

5.    Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the purchase and collection of consumer debts. Defendant also regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party. Defendant is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant touts on its website its skill in collecting on consumer debt, writing:

2

*Bass & Associates, P.C. is a national leader in debt collection and relief services including the student loan market. With a staff of dedicated, fully trained and SAS 70 compliant government student loan professionals, we bring our commitment to excellence to the government service arena. Bass & Associates is ready to take on your challenges as your recovery agent. Our collection efforts are overseen at all levels by our legal staff to ensure complete and uncompromised compliance with all federal, state and local laws and regulations.*

See, https://www.bass-associates.com:8080/nb3b.html. (Last visited July 29, 2019.)

## JURISDICTION AND VENUE

7.    This Court has federal question jurisdiction over Plaintiffs' Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

9.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10.   Pursuant to LR 3.1B(3), venue is proper in the Rome Division because the conduct complained of herein occurred in Floyd County, which is in the Rome Division.

## FACTUAL ALLEGATIONS

11.   On February 4, 2019, Plaintiffs commenced a Chapter 13 bankruptcy case by filing a Petition of Relief with the Clerk of the United States Bankruptcy Court, Northern District of Georgia, Rome Division. Plaintiffs' bankruptcy was assigned case number 19-40255.

12.   On April 15, 2019, Defendant filed a Proof of Claim in Plaintiffs' bankruptcy case, Claim Number 22, in the amount of $412.12, alleging that it is collecting on behalf of the assignee and rightful holder of a debt originated by a

third-party. A copy of Proof of Claim Number 22 is attached hereto as "Exhibit 1".

13.   The debt referenced in Defendant's Proof of Claim (hereinafter referred to as the "POC") is based upon a retail credit card debt. The credit card was issued by and through Capital One Bank. Exh. 1, pg. 2, enumeration 8, and page 4.

14.   Defendant does not own the debt referenced in its POC.

15.   Rather, Defendant is attempting to collect the debt on behalf of a third-party, "Cavalry Spv I, LLC – Assignee of Capital One, N.A.".  Exh. 1, pg. 1, enumeration 1.

16.   The credit card issued to Plaintiffs was used primarily for personal, family, or household purposes.

17.   The debt being collected by Defendant is a "consumer debt" as defined by 15 U.S.C. §§ 1692a(3) and (5).

18.   Defendant's filing of its POC was a communication to third-parties in an attempt to collect consumer debts.

19.   A proof of claim is a written statement setting forth a creditor's claim to payment and an attempt to collect an alleged debt.

20.   Upon information and belief, Defendant has made objectively false and

misleading representations regarding the composition and nature of the debt it is seeking to collect.

21.   Defendant's POC affirmatively declares that it does not include any sums comprised of interest, fees or other charges. Exh. 1, pg. 2, enumeration 7.

22.   A review of Capital One Bank's published marketing materials indicates that it offers 18 different credit card products. None are interest-free.[1]

23.   Documents filed with Defendant's POC state that the amount owed is $404.18, not $412.12 as claimed in Defendant's POC.

24.   Further, the documents filed with Defendant's POC indicate that the claim amount includes a $35.00 fee.

25.   The claim does include sums comprised of fees.

26.   The false representations of Defendant have the effect of dissuading any party in interest from further examination of Defendant's claim and evaluating defenses to that claim. The false representations were thus material.

27.   The false representations made in the claims described herein are not isolated instances. Rather, they reflect the ongoing business practices of Defendant

---

[1] See, https://www.capitalone.com/credit-cards/compare.

in this District.

## INJURIES-IN-FACT

28.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc*., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

31.    Defendant is subjecting Plaintiffs to false, deceptive, unfair, and unconscionable means to collect the debt.

7

32.   Defendant has caused Plaintiffs frustration and worry that they are being called upon to pay an improper and/or inflated claim.

33.   Accordingly, through the violation of Plaintiffs' statutorily-created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

34.   As a result of Defendant's actions, Plaintiffs have suffered actual damages, including but not limited to the following:

a.   Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.   Out-of-pocket expenses in the form of travel to the offices of their counsel; and,

c.   Anxiety and worry caused by concern that they are being called upon to pay an improper/inflated claim.

35.   Plaintiffs are entitled to statutory damages and attorney's fees as described in the counts below.

8

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

36.  Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

37.  Defendant's filing of its POC was an attempt to collect a consumer debt.

38.  15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39.  The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

40.  A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id.*

41.  Defendant's statement that its claim does not include sums comprised of interest, fess, or expenses is objectively false, and thus violates 15 U.S.C. § 1692e.

42.   As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

43.   Plaintiffs incorporate by reference paragraphs 1 through 35 as though fully stated herein.

44.   Defendant's filing of its POC was an attempt to collect a consumer debt.

45.   15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

46.   The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading.  *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

47.   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.  *Id.*

10

48.   Upon information and belief, the correct amount of the claim is $404.18.

49.   Defendant's statement that the amount of the claim is $412.12 is objectively false, and thus violates 15 U.S.C. § 1692e.

50.   As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT III

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-393(a)

51.   Plaintiffs incorporate by reference paragraphs 1 through 35 as though fully stated herein.

52.   O.C.G.A. § 10-1-390 *et seq* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

53.   O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair business practices.

11

54.   O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

55.   Defendant willfully engaged in unfair and deceptive practices, as set forth herein, in an effort to collect consumer debts.

56.   Defendant's statement that the claim did not include sums comprised of interest, fess, or expenses is objectively false, and thus violates O.C.G.A. § 10-1-393(a).

57.   As pled above, Plaintiffs were harmed by Defendant's unfair conduct.

58.   Upon information and belief, the filing of obviously improper proofs of claim is Defendant's *modus operandi* for debt collection and is done on a wide scale.

59.   Defendant's conduct amounts to an unfair business practice.

60.   Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

61.   Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

62.  As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiffs are entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

63.  As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiffs are entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

64.  Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

65.  Plaintiffs are entitled to recover reasonable attorney's fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

## COUNT IV

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

66.  Plaintiffs incorporate by reference paragraphs 1 through 35 as though fully stated herein.

67.  O.C.G.A. § 10-1-390 *et seq* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

13

68.   O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair business practices.

69.   O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

70.   Defendant willfully engaged in unfair and deceptive practices, as set forth herein, in an effort to collect consumer debts.

71.   Upon information and belief, the correct amount of the claim is $404.18.

72.   Defendant's statement that the amount of the claim is $412.12 is objectively false, and is thus an unfair business practice that violates O.C.G.A. § 10-1-393(a).

73.   As pled above, Plaintiffs were harmed by Defendant's unfair conduct.

74.   Upon information and belief, the filing of obviously improper proofs of claim is Defendant's *modus operandi* for debt collection and is done on a wide scale.

75.   Defendant's conduct amounts to an unfair business practice.

14

76.  Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

77.  Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

78.  As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiffs are entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

79.  As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiffs are entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

80.  Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

81.  Plaintiffs are entitled to recover reasonable attorney's fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

82.  Plaintiffs are entitled to and hereby request a trial by jury.

15

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

a.) Plaintiffs' actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 12th day of August, 2019.

BERRY & ASSOCIATES

*/s/ Paul J. Sieg*
Matthew T. Berry, GA Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg, GA Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiffs' Attorneys*

16